MORRIS SMITH v. THE STATE.

No. 16908.  Delivered June 20, 1934.

The opinion states the case.

*W. W. Ballard,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for conveying tools, etc. to prisoner in jail; punishment, two years in the penitentiary.

The sheriff of Young County testified that on the 3rd of November, 1933, a package came by mail to the jail for Clifford Smith, investigation of which revealed that same contained a cake in which were found eight hack saws and a letter. A typewritten letter appearing in the record is unsigned and has no other address except "your Pal." It is to be regretted that more care was not exercised in the trial of this case in identifying documents which were exhibited to witnesses and which are not marked or brought forward in such manner as that we may be able to identify them. Examining the testimony of Sheriff Foster, we observe the following statement, referring to the wrapper around the box mentioned: "(The State here offers the wrapper in evidence)." If there was anything about the wrapper which would aid in solving the issues, same is not brought forward in this record. Later, on the same page of the statement of facts, apparently referring to the letter which was in the cake mentioned, appears the following: "(The State here offers the letter in evidence)." There is nothing from which this court can learn what mark of identification was put upon either the wrapper or the letter referred to. The same observation applies to a wrapper on another package which seems to have been taken off this appellant, the wrapper being offered in evidence without any mark of identification, not can we tell what became of same. The State called Mr. Hammond, a rural mail carrier of Wichita County, who said that on the 3rd day of November, 1933, two girls or young women were at a mail box to which he came in his rounds, and they handed him a package to be mailed, and gave him money to pay for the postage. He identified the wrapper and box shown him as the one handed him by them, but if there is any connection between "This package" and any package identified by any other witness, further than that he says the package delivered to him was addressed to Clifford Smith at Graham, Texas, care the county jail,—it does not ap-

pear in the record. Mr. Hammond said he did not see the appellant or any other person at the time the package referred to was delivered to him by the two young women. The State recalled Mr. Foster, who said that if Evalee Adams and Mabel Hartman were ever in the jail at Graham he did not know it. He said that Clifford Smith had women callers while he was in jail, and these two young women may have been among the number, but he could not say whether they had been there or not. The State then identified two indictments, one against Clifford Smith and the other against this appellant, bearing date of September 5, 1933. It was shown that appellant had been in jail with Clifford Smith, but was released some time prior to November 3, 1933, the alleged date of the delivery of the saws and letter. At this point the State rested its case.

Appellant introduced Mr. Yates, a deputy sheriff of Young County, who said that he had admitted Mabel Hartman and Evalee Adams to the county jail while Clifford Smith was there. Appellant introduced Clifford Smith who said the two women mentioned had visited him in jail, and that he had received letters from them. He was shown a letter which he received from Mabel Hartman and said he had seen her write and knew it was her handwriting. What became of this letter, and whether it was introduced in evidence, does not appear. Witness refers to various letters, and winds up his direct testimony by saying: "I have seen the defendant write his name and sign his signature. This isn't his handwriting you are showing me. In my opinion this is the defendant's handwriting on State Exhibit No. 3." Whether State Exhibit No. 3 is the letter which came in the cake, is left to conjecture and inference. On cross-examination he repeated his ability to identify the handwriting of Mabel Hartman and being shown what is denominated defendant's Exhibit No. 2, he says it appears to be from Mabel Hartman, but he would not testify whether it was or not in her handwriting. Shown another letter, he says he thinks it is in Mabel Hartman's handwriting. Shown another letter, he said that it did not look like Evalee Adams handwriting. Shown a letter by defense counsel, he says that it was the signature of Mabel Hartman on that letter. What letter she was shown, is left blank by this record. The defense introduced Mrs. Adams, the mother of Evalee Adams, who said that on the 3rd of November she, Evalee and Mabel were at her house, and that no one else was there; she stayed at home all day; she did not see this appellant around the house that day; that Mabel and Evalee told her they were going to bake

a cake; she saw them bake part of the cake; she repeated she did not see appellant there. Shown a letter apparently written by Evalee Adams, witness said that it was in Evalee's handwriting. Shown another letter and asked if it was Mabel Hartman's handwriting, she said she could not tell who wrote that. We know nothing of them because they are not before us. At this juncture both sides closed.

We find then a typewritten document which seems to be styled State Exhibit No. 3, also copies of two indictments marked State Exhibits 4 and 5, then a document entitled Defendant's Exhibit No. 3, which appears to be two or three lines written with a pen and ink, the original appearing to be sent up,—addressed to no one and signed by no one.

We have tried as best we can to determine what documents are referred to or identified with any such certainty as would justify their being used as evidence upon which to secure a conviction of a citizen of this State for a felony, without success. No witness testified that the typewritten document appearing in this record as State Exhibit No. 3, was ever in possession of appellant, or written by him, or that it was in his handwriting. Apparently it was the State's theory that the recitals in said letter must be taken as things which could not have been written but by appellant. We do not think that a safe rule of evidence by which to determine the admissibility of a written statement. The document was not found on appellant's person or in his possession. The postman who testified for the State did not see appellant in connection with the mailing of the package containing the saws, the cake or the letter. Neither of the two young women who were present at the mailing of the package testified. The mother of one of them said she heard the two girls talking about baking a cake; that appellant was not present at her house at that time nor that day. There was no expert comparison of any kind between any real writing or signature of this appellant with the address on the package, or with the letter found inside the package. This case was submitted to the jury on the law of circumstantial evidence, and we do not think the legal testimony shown in the record to be such as to exclude every other reasonable hypothesis except the guilt of the accused.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*